Figueroa-Serrano v. Bondi

BIA
Hom, IJ
A206 702 550

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of July, two thousand twenty-five.

PRESENT:
> RICHARD J. SULLIVAN,
> WILLIAM J. NARDINI,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

MELVIN ENRIQUE FIGUEROA-
SERRANO,
> *Petitioner,*

v.

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

23-6354
NAC

FOR PETITIONER:       Bruno J. Bembi, Hempstead, NY.

FOR RESPONDENT:       Brian Boynton, Principal Deputy Assistant
                      Attorney General; Cindy S. Ferrier, Assistant
                      Director; Sunah Lee, Senior Trial Attorney,
                      Office of Immigration Litigation, United
                      States Department of Justice, Washington,
                      DC.

UPON DUE CONSIDERATION of this petition for review of a Board of

Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND

DECREED that the petition for review is DENIED.

Petitioner Melvin Enrique Figueroa-Serrano, a native and citizen of El

Salvador, seeks review of a decision of the BIA affirming a decision of an

Immigration Judge ("IJ") denying his application for asylum and withholding of

removal.  *In re Melvin Enrique Figueroa-Serrano*, No. A206 702 550 (B.I.A. Mar. 17,

2023), *aff'g* No. A206 702 550 (Immigr. Ct. N.Y.C., July 30, 2019).[1]  We assume the

parties' familiarity with the underlying facts and procedural history.

---

[1] Although the agency also denied Figueroa-Serrano's claims under the Convention Against
Torture and Other Cruel Inhuman or Degrading Treatment or Punishment, Art. 3, Dec. 10, 1984,
1465 U.N.T.S. 85, Figueroa-Serrano does not materially challenge the denial of that claim.
Accordingly, we will address only his claims for asylum and withholding of removal.  *See, e.g.*,
*Tolbert v. Queens College*, 242 F.3d 58, 75 (2d Cir. 2001) ("It is a settled appellate rule that issues
adverted to in a perfunctory manner, unaccompanied by some effort at developed
argumentation, are deemed waived." (internal quotation marks omitted)).

"When the decision of the BIA is consistent with the decision of the IJ, we may consider both decisions 'for the sake of completeness.'"  *Singh v. Garland*, 11 F.4th 106, 112 (2d Cir. 2021) (quoting *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006)).  In doing so, we review findings of fact for substantial evidence and questions of law and the application of law to fact *de novo.  See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).  Under the substantial evidence standard, "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).

"An applicant for asylum and withholding of removal must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." *Garcia-Aranda v. Garland*, 53 F.4th 752, 757 (2d Cir. 2022) (internal quotation marks omitted).  "[I]n cases where there is more than one motive for mistreatment (also known as mixed-motive cases) the protected ground must be at least one of the central reasons, rather than a minor reason, for why that [applicant] is being targeted." *Shuqiang Tian v. Bondi*, 130 F.4th 284, 288–89 (2d Cir. 2025) (alterations accepted and internal quotation marks omitted).

3

Here, Figueroa-Serrano's claims rise and fall with the fact that he did not establish a nexus between his alleged persecution and a protected ground. *See id.* The agency found that the gang members, who threatened him after he rejected their invitation to join their gang, acted with the sole motive to expand their criminal enterprise. Figueroa-Serrano fails to identify any evidence in the record that would compel a reasonable adjudicator to find otherwise. While it is true that Figueroa-Serrano testified that he refused to join the gang because of his Christian beliefs, he admitted that he did not know why the gang originally targeted him and that the gang also targeted his friends who were not Christian. In fact, he did not even allege that gang members mentioned his Christian beliefs. Figueroa-Serrano also testified that after he rejected the gang members' invitation to join the gang, they simply told him "[t]o think about it and not to talk to the police," without mentioning his religion. Certified Admin. Rec. at 98. On this record, the agency's determination that Figueroa-Serrano failed to establish that his religion was or would be a central reason for the gang's decision to target him was supported by substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to

4

support the agency's challenged decision.").

Figueroa-Serrano insists that the agency misapplied the nexus standard by effectively requiring the gang members to have "interview[ed]" him "on his religious faith in order to establish that [he] was mistreated and fears mistreatment based []on his religion." Petitioner Br. at 11. But that argument is plainly contradicted by the record, which shows that the agency simply commented on the lack of evidence suggesting the gang members targeted him because of his faith. Because Figueroa-Serrano has not pointed to any evidence that would compel a reasonable adjudicator to hold that his religion – or any other protected characteristic – was a central reason for why the gang targeted him, we will not disturb the agency's nexus finding.

Figueroa-Serrano also asserts that the agency failed to consider whether the gang was motivated by a combination of protected grounds, including his imputed political opinion, his religion, and his membership in a particular social group. But this argument is both unexhausted and contradicted by the record. It is unexhausted because Figueroa-Serrano asserted only religion as a protected ground before the BIA. *See Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a

5

specific argument made to the BIA, it has not been properly exhausted[,] and we cannot hear it.").   And it is contradicted because the agency explicitly stated that Figueroa-Serrano failed to demonstrate the requisite nexus between the gang's alleged persecution of him and "his religion *or any other protected ground*." Certified Admin. Rec. at 4 (emphasis added).[2]

Finally, Figueroa-Serrano argues that the agency ignored evidence that the Salvadoran government is unable or unwilling to control gang members.   But the agency was not required to consider this evidence given Figueroa-Serrano's failure to establish a nexus between his alleged persecution and a protected ground. Because the agency's nexus finding is dispositive of both his asylum and withholding of removal claims, the agency was not obliged to make an express finding related to whether the El Salvadoran government was able or willing to control the gangs.   *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

---

[2] Figueroa-Serrano also argues that the agency failed to consider his youth at the time he was threatened, the fact that he was a conscientious objector, and his membership in his family.   But these arguments are unexhausted because he did not raise them on appeal to the BIA.   *See* Certified Admin. Rec at 20, 22; *see also Punin*, 108 F.4th at 124.   We therefore do not consider them here.   *See Punin*, 108 F.4th at 124.

For the foregoing reasons, the petition for review is DENIED.   All pending

motions and applications are DENIED and stays VACATED.

<div style="margin-left: 40%;">

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

</div>